**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION**

CASE NO.: _____

STARKA PROPERTIES, INC.,
a Florida corporation,

    Plaintiff,

v.

DEROSA CAPITAL 8, LLC,
a North Carolina limited liability company,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, Starka Properties, Inc., by and through undersigned counsel, hereby sues Defendant, DeRosa Capital 8, LLC, and alleges:

**PARTIES, JURISDICTION AND VENUE**

1. This action is for damages in excess of $75,000.00.

2. Starka Properties, Inc. ("Plaintiff" "Starka" or "Buyer"), is a Florida corporation, with its principal place of business in Boca Raton, Florida.

3. DeRosa Capital 8, LLC ("Defendant" "DeRosa" or "Seller") is a North Carolina limited liability company, with its principal place of business in Trenton, New Jersey. Based upon the public records and upon information and belief, DeRosa's member and principals are New Jersey residents.

4. Jurisdiction in this Court is proper, pursuant to 28 U.S.C. §1332(a)(1), because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue in this Court is proper, because a substantial part of the acts giving rise to the claims alleged herein occurred in the Southern District of Florida (the "District"). In particular, those acts are: Starka entered into the transaction at issue in this District; Starka performed its duty of paying the deposits at issue in this District; Starka paid the deposits at issue to the escrow agent, who has an office in this District.

6. All conditions precedent to the filing of this lawsuit have been performed, satisfied, and/or waived.

7. Starka has retained the undersigned law firm for representation in this action and has agreed, and is obligated to pay said counsel a reasonable fee for such representation.

## **FACTUAL ALLEGATIONS**

8. On June 22, 2021, Starka and DeRosa entered into a Purchase and Sale Agreement (the "Contract") for the purchase and sale of real property at 5000 Watauga Road and 4800 Alamance Road, Fayetteville, North Carolina 28304 (the "Property"), the legal description of which is set forth in Exhibit A of the Contract. A true and correct copy of the Contract is attached hereto and incorporated fully herein as **Exhibit "A"**. Under the Contract, Starka is the Buyer and DeRosa is the Seller.

9. The Contract provided for placement of certain deposit monies by Buyer to be held in escrow by the escrow agent.

10. The appointed and designated escrow agent is Old Republic National Title Insurance Company ("Old Republic" or "Escrow Agent").

11. Pursuant to the Contract, Buyer paid a deposit of $300,000.00 (per Sec. 1.2(b)(1) of the Contract) to Old Republic to be held in escrow, and an additional deposit of $100,000.00 (per Sec. 2.2(b) of the Contract) to Old Republic to hold in escrow, totaling $400,000.00 (the

"Buyer Deposit").

12. As part of its due diligence, Buyer hired a third party to conduct, among other things, environmental testing for a Phase II Environmental Report.

13. Immediately upon receiving the Phase II Environmental Report (the "Report"), on September 10, 2021, Buyer's counsel provided a copy of the Report to Seller's counsel and real-estate broker, and notified them of the findings that the Property contained *environmental contaminates in the soil containing carcinogenic risks*, and the need for further investigation. A true and correct copy of the Report is attached hereto and incorporated fully herein as **Exhibit "B"**.

14. Accordingly, Buyer requested an extension on the closing date, and all dates in Section 5.2 of the Contract, to allow the Buyer additional time to determine the depth and the breadth of the findings indicated in the Report.

15. On September 13, 2021, Seller agreed to the extension. Specifically, Seller's real-estate broker responded advising he conferred with Seller's principals, "that everyone is on the same page here" and the transaction was in "a holding pattern until the next stage of testing is completed." A true and correct copy of the September 2021 email exchange concerning the extension which includes Seller's principals, Seller's counsel, and Seller's real-estate broker is attached hereto and incorporated fully herein as **Exhibit "C"**. At no point in time, did any representative from Seller object otherwise or take a contrary position.

16. In reliance on the extension agreement, Buyer did not cancel the Contract, but instead continued to further investigate the exposure of the environmental issue so it could determine if it was going to close on the Contract.

17. On October 1, 2021, Buyer provided Seller notice of termination (the "Notice") of

the Contract pursuant to Section 5.2 of the Contract due to an "Exception Matter" (as that term is defined in Sec. 5.2 of the Contract) involving the harmful levels of soil contaminates. A true and correct copy of the Notice is attached hereto and incorporated fully herein as **Exhibit "D"**. This Notice also demanded the Buyer Deposit be released from escrow and delivered to back to Buyer in accordance with Section 5.2 of the Contract.

18. Seller failed and refused to advise the Escrow Agent to release the Buyer Deposit to Buyer.

19. The Contract provides that for a material default by Seller, Buyer is entitled to return of Buyer's Deposit and reimbursement of out of pocket costs associated with the transaction, including attorney's fees and costs (Sec. 1.2(b)(ii) of the Contract).

20. Old Republic is currently holding the Buyer Deposit.

21. Upon information and belief, DeRosa entered into a purchase and sale agreement for the Property with a third party, and is intending to finalize the sale in December 2021.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiff realleges ¶¶1 through 21 above as though fully set forth herein.

23. There is a valid contract between Plaintiff and Defendant as set forth in ¶8.

24. DeRosa breached the Contract by failing to direct Old Republic to release the Buyer Deposit from escrow to Buyer.

25. As result of Defendant's breach, Plaintiff has suffered damages and continues to suffer damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor against Defendant for its damages, interest, costs, attorney's fees pursuant to Sections 1.2 and 10.6 of the Contract, and grant such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT
## (IN THE ALTERNATIVE)

26. Plaintiff realleges ¶¶1 through 21 above as though fully set forth herein.

27. There is a valid contract between Plaintiff and Defendant as set forth in ¶8.

28. DeRosa breached the Contract by failing to direct Old Republic to release the Deposit from escrow.

29. Seller breached the Contract by not proceeding with the closing, as per Section 5.2(i) of the Contract, which DeRosa was required to do if Seller did not accept Buyer's termination pursuant to Section 5.2 of the Contract as being untimely. Seller did not, and could not proceed to close with Starka because it was under contract with a third-party for sale of the Property.

30. As result of DeRosa's breach, Starka has suffered damages and continues to suffer damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor against Defendant for its damages, interest, costs, attorney's fees pursuant to Sections 1.2 and 10.6 of the Contract, and grant such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all claims so triable.

Dated: November 29, 2021    Respectfully submitted,

                                                        Fitzgerald & Isaacson, LLP
901 Ponce De Leon Boulevard, Suite 202
Miami, FL 33134
Telephone: (305) 372-7300
Facsimile: (305) 447-0043
*Attorneys for Plaintiff Starka Properties, Inc.*

By: /s/ Diana L. Fitzgerald
    Diana L. Fitzgerald, Esq.
    Florida Bar No. 15228
    Email Address: Diana@FILawyers.com
    Email Address: Victoria@FILawyers.com
    David C. Isaacson, Esq.
    Florida Bar No. 81691
    Email Address: David@FILawyers.com
    Email Address: Dane@FILawyers.com
    Email Address: Ricardo@FILawyers.com